```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


THOMAS E. PEREZ, Secretary of Labor,
United States Department of Labor                    PLAINTIFF

VS.                         CIVIL ACTION NO. 5:12-cv-52(DCB)(MTP)

RICHARD THOMPSON, an Individual; and
THOMPSON TREE AND SPRAYING SERVICE, INC.,
d/b/a LIVE OAK NURSERY                               DEFENDANTS
```

<u>ORDER</u>

This cause is before the Court on the plaintiff's motion for adjudication of civil contempt **(docket entry 33)**. Having carefully considered the motion and response, the memoranda of the parties and the applicable law, the Court finds as follows:

On April 20, 2012, the plaintiff filed a complaint alleging that, since October 1, 2009, the defendants willfully and repeatedly violated sections 6, 7, 11(c), 15(a)(2), and 15 (a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("the Act"). Complaint, docket entry 1. The Complaint sought back wages and an equal amount of liquidated damages for 69 of the defendants' employees. The parties reached a settlement of this case and prepared a Consent Judgment which the Court entered on January 27, 2014. Under the terms of the Consent Judgment, among other things, the defendants were restrained from withholding payment of $35,576.26 due 69 employees under the Act. The amount of $35,576.26 constitutes back wages in the amount of $23,717.41 plus liquidated damages in the amount of $11,858.85.

The defendants were ordered to pay this amount to the plaintiff by March 14, 2014. The plaintiff alleges that the defendants have failed to pay as ordered.

The Consent Judgment unequivocally required the defendants to pay the plaintiff $35,576.26 by March 14, 2014. The plaintiff alleges that the defendants have willfully violated the Consent Judgment by failing to pay the entire amount owed. As of July 31, 2014, the defendants had paid a total of $20,000 in accordance with the Consent Judgment, leaving a balance of $15,576.26. The defendants sent checks for the following amounts on the specified dates: $5,000 on February 17, 2014; $5,000 on February 26, 2014; $5,000 on March 26, 2014; and $5,000 on May 12, 2014.

On May 14, 2014, the plaintiff wrote the defendants demanding compliance with the Consent Judgment. Prior to sending the letter, plaintiff's counsel discussed the unpaid balance with defendants' counsel. Despite the plaintiff's verbal and written requests, the defendants had not complied with the Consent Judgment as of August 1, 2014. <u>See</u> Affidavit of Uche Egemonye.

The Secretary of Labor's Petition for Adjudication in Civil Contempt is "not the institution of an independent proceeding but is part of the original cause." <u>Hodgson v. Hotard</u>, 436 F.2d 1110, 1114 (5th Cir. 1971). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge

of the court's order." <u>S.E.C. v. First Financial Group of Texas, Inc.</u>, 659 F.2d 660, 669 (5th Cir. 1981).

It is indisputable that a civil contempt proceeding is the proper means for ensuring compliance with the Act. <u>McComb v. Jacksonville Paper Co.</u>, 336 U.S. 187, 191 (1949); <u>Hodgson</u>, 436 F.2d at 1114. In <u>McComb</u>, a contempt proceeding for violation of an injunction under the Act, the Supreme Court stated:

> If the Court is powerless to require the prescribed payments [back wages] to be made, it has lost the most effective sanction for its decree and a premium has been placed on violations . . . . It is the power of the Court with which we are dealing – – the power of the Court to enforce compliance with the injunction which the Act authorizes, which the court has issued, and which respondents have long disobeyed.

<u>McComb</u>, 336 U.S. at 194-95.

To prevail in a civil contempt proceeding in the Fifth Circuit, the movant must establish by clear and convincing evidence: "that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." <u>U.S. v. Jackson</u>, 359 F.3d 727, 731 (5th Cir. 2004)(citing <u>American Airlines, Inc. v. Allied Pilots Ass'n</u>, 228 F.3d 574, 581 (5th Cir. 2000)). A finding that a party violated a court's order willfully or in bad faith is generally required in the Fifth Circuit. <u>See</u> <u>KeyBank Nat. Ass'n v. Perkins Rowe Assocs., Inc.</u>, 2011 WL 2222192, at *2 (M.D. La. June 7, 2011)(citing <u>J.D. v. Nagin</u>, 2009 WL 363456, at *5 (E.D. La. Feb. 11, 2009)). "A consent order, while founded on the

agreement of the parties, is nevertheless a judicial act, enforceable by sanctions including a citation for contempt." Whitfield v. Pennington, 832 F.2d 909, 913 (5th Cir. 1987)(citing U.S. v. Miami, 664 F.2d 435, 439-40 (5th Cir. 1981)).  Moreover, "the moving party bears the burden of proving by 'clear and convincing' evidence that the alleged contemnor was aware of and violated a 'definite and specific order requiring him to perform or refrain from performing a particular act or acts.'" Shafer v. Army and Air Force Exch. Serv., 376 F.3d 386, 396 (5th Cir. 2004)(quoting Travelhost v. Blandford, 68 F.3d 958, 961 (5th Cir. 1995)).  The Secretary of Labor contends he has satisfied each of these requirements.

Consent Judgments can be enforced through contempt proceedings.  See Davis v. Jackson Fire Dep't., 399 F.Supp.2d 753, 755 (S.D. Miss. 2005)(citing Buckhannon Bd. & Care Home, Inc. v. West Vir.  Dep't of Health & Human Res., 532 U.S. 598, 604 (2001)(finding that "a consent decree has two characteristics that distinguish it from a private settlement: (1) judicial approval; and (2) judicial oversight.")); U.S. v. Miami, 664 F.2d 435, 439-40 (5th Cir. 1981)(noting that consent decrees differ from settlement agreements because consent decrees can be enforced through contempt proceedings).

There is no question that the parties intended for the Court to retain jurisdiction for enforcement purposes.  It is well

4

settled that "district courts have wide discretion to enforce decrees and to implement remedies for decree violations," as consent decrees are judicial orders. U.S. v. Alcoa, Inc., 533 F.3d 278,286 (5th Cir. 2008). This Court therefore has the authority to hold the defendants in contempt for failing to pay the total amount due. Clearly, the Consent Judgment is in effect; therefore, the plaintiff has satisfied the first element.

The Consent Judgment also required specific conduct from the defendants. To resolve this litigation, the defendants agreed to pay a specified amount of back wages and liquidated damages by a specific date, March 14, 2014. However, the defendants made only one payment of $5,000 by March 14, 2014. The remaining three payments of $5,000 each were made after March 14, 2014. As a result of the defendants' failure to pay the entire amount owed, the plaintiff has not been able to make distributions to the defendants' employees, some of whom have been owed back wages since October of 2009. Thus, the second element is satisfied.

The third element is also satisfied because the defendants failed to comply with the Court's Order. Moreover, the plaintiff received the last payment from the defendants in May of 2014 and as of the date of his motion had received no further communication from the defendants.

Once the Secretary of Labor has proven that the employer is delinquent in complying with a consent order, he has established a

prima facie case for civil contempt.  <u>Hodgson</u>, 436 F.2d at 1115.
The Secretary does not bear the burden of proving that the employer
was able to comply with the consent order.  Instead, it is
incumbent on the employer, if civil contempt is to be avoided, to
prove that it was impossible for him to comply with the court's
order.  <u>Id</u>.

The defendants, in response to the Secretary's motion, state
that they have paid an additional $7,000 since the filing of the
plaintiff's motion.  They also state that they sent the Secretary
$1,000 the same day that they filed their response, and intend to
pay "$1,000 on a weekly basis until the balance is paid in full."
The defendants do not allege that they are unable to pay because of
financial hardship.

The Secretary has not filed a rebuttal brief.  Nevertheless,
the defendants are in contempt because they admit they did not pay
the full judgment amount by March 14, 2014.  The only question
remaining is whether the defendants have purged themselves of
contempt by paying the entire judgment amount, or whether a
Contempt-Purging Payment Order is required of the Court.  The
plaintiff shall notify the Court how it wishes to proceed.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion for
adjudication of civil contempt **(docket entry 33)** is GRANTED in that
the Court finds that the defendants did not comply with the January

27, 2014, Consent Order requiring them to pay the full judgment
amount by March 14, 2014.

FURTHER ORDERED that the plaintiff shall file a rebuttal brief
or other pleading indicating how he wishes to proceed in this case,
within seven (7) days from the date of entry of this Order.

SO ORDERED, this the 10th day of February, 2015.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE